**EXHIBIT A**

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Credit Acceptance Corporation, and DOES 1 through 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Mariah Boykins,

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

FILED
16 MAY 16 PM 2:40
ROSA JUNQUEIRO, CLERK
BY Donna Edwards
DEPUTY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is: Superior Court of San Joaquin County
*(El nombre y dirección de la corte es):*

**CASE NUMBER:**
STK-CV-LNPI-2016-4713

222 E. Weber Ave., Rm. 303 Stockton, Ca 95202

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
L. Paul Mankin, Esq., 4655 Cass St., Ste. 112, San Diego, Ca 92109, (800)219-3577

DATE: **MAY 16 2016**   ROSA JUNQUEIRO Clerk, by   Donna Edwards , Deputy
*(Fecha)*                                    *(Secretario)*                            *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☑ on behalf of (specify): Credit Acceptance Corporation
   under: ☑ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
           ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

FILE BY FAX

L. Paul Mankin (SBN 264038)
The Law Office of L. Paul Mankin
4655 Cass St., Ste. 112
San Diego, Ca 92109
T: (800) 219-3577
F: (323) 207-3885
pmankin@Paulmankin.com
Attorney for Plaintiff
MARIAH BOYKINS

FILED
16 MAY 16 PM 2: 39
ROSA JUNQUEIRO, CLERK
BY Donna Edwards
DEPUTY

THIS CASE HAS BEEN ASSIGNED TO JUDGE CARTER P. HOLLY IN DEPARTMENT 41 FOR ALL PURPOSES, INCLUDING TRIAL

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN JOAQUIN

LIMITED JURISDICTION

| | |
|---|---|
| MARIAH BOYKINS,<br><br>    Plaintiff,<br><br>vs.<br><br>CREDIT ACCEPTANCE CORPORATION, and DOES 1 through 10, inclusive,<br><br>    Defendant(s). | Case No.: STK-CV-LNPI-2016-4713<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR:**<br><br>1. **VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT [CAL. CIV. CODE § 1788]**<br><br>2. **VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. § 227]**<br><br>(AMOUNT NOT TO EXCEED $10,000) |

**COMPLAINT FOR DAMAGES**

**INTRODUCTION**

1. Mariah Boykins ("Plaintiff") brings this action to secure redress from Credit Acceptance Corporation ("Defendant") for violations of the Rosenthal Fair Debt Collection Practices Act [CAL. CIV. CODE § 1788] and for violations of the Telephone Consumer Protection Act [47 U.S.C. § 227].

///

- 1 -

COMPLAINT FOR DAMAGES

FILE BY FAX

L. Paul Mankin (SBN 264038)
The Law Office of L. Paul Mankin
4655 Cass St., Ste. 112
San Diego, Ca 92109
T: (800) 219-3577
F:(323) 207-3885
pmankin@Paulmankin.com
Attorney for Plaintiff
MARIAH BOYKINS

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN JOAQUIN

LIMITED JURISDICTION

| | |
|---|---|
| MARIAH BOYKINS,<br><br>       Plaintiff,<br><br>vs.<br><br>CREDIT ACCEPTANCE CORPORATION, and DOES 1 through 10, inclusive,<br><br>       Defendant(s). | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR:**<br><br>1. **VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT [CAL. CIV. CODE § 1788]**<br><br>2. **VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. § 227]**<br><br>**(AMOUNT NOT TO EXCEED $10,000)** |

## COMPLAINT FOR DAMAGES

### INTRODUCTION

1.    Mariah Boykins ("Plaintiff") brings this action to secure redress from Credit Acceptance Corporation ("Defendant") for violations of the Rosenthal Fair Debt Collection Practices Act [CAL. CIV. CODE § 1788] and for violations of the Telephone Consumer Protection Act [47 U.S.C. § 227].

///

## PARTIES

2.      Plaintiff Mariah Boykins ("Plaintiff"), a natural person who at all times herein mentioned was a resident of the City of Stockton, in San Joaquin County, and State of California and is a "debtor" as defined by Cal. Civ. Code §1788.2(h).

3.  At all relevant times herein, Defendant, Credit Acceptance Corporation (hereinafter "Defendant"), was a company engaged, by use of mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "consumer debt" as defined by Cal. Civ. Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the RFDCPA, Cal. Civ. Code §1788.2(c).

4.  Plaintiff does not know the true names and capacities, whether corporate, partnership, associate, individual or otherwise, of Defendants sued herein as Does 1 through 10, inclusive, and therefore names said Defendants under provisions of *Section 474 of the California Code of Civil Procedure*.

5.  Plaintiff is informed and believes, and on that basis alleges that Defendants Does 1 through 10 are in some manner responsible for acts, occurrences and transactions set forth herein and are legally liable to Plaintiff.

## FACTUAL ALLEGATIONS

6.  At all times relevant to this action, Defendant owned, operated and/or controlled telephone numbers (734) 742-1035. At all times relevant to this action, Defendant called Plaintiff from, but not limited to the forgoing telephone numbers for the purpose of collecting the alleged debt.

7.  Within one year prior to the filing of this action, specifically on or around March of 2016, Defendant contacted Plaintiff on Plaintiff's cellular telephone number ending in -5138 to collect money, property or their equivalent, due or owing or alleged to be due or owing from a natural person.

8.  This financial obligation was primarily for personal, family or household purposes and are therefore "debt(s)" as that term is defined by 15 U.S.C. § 1692a(5).

9. The alleged debt owed by Plaintiff does not belong to Plaintiff. Plaintiff has informed Defendant on several occasions that Defendant is contacting the wrong person. Despite Plaintiff's demand, Defendant continued to contact or attempt to contact Plaintiff.

10. Within one year prior to the filing of this action, Defendant caused Plaintiff's telephone to ring repeatedly and continuously to annoy Plaintiff.

11. Defendant communicated with Plaintiff with such frequency as to be unreasonable under the circumstances and to constitute harassment. The frequency of attempted communications with Plaintiff evidence Defendant's intent to harass Plaintiff.

12. Defendant contacted or attempted to contact Plaintiff on a virtual daily basis.

13. As an illustrative example, Defendant contacted or attempted to contact Plaintiff on the following dates: March 5, 2016 at 7:02 a.m.; March 7, 2016 at 8:40 a.m.; March 8, 2016 at 7:28 a.m.; and March 13, 2016 at 8:06 a.m.

14. Defendant contacted or attempted to contact before 8 a.m. (Plaintiff's local time). California law prohibits such contact.

15. The natural and probable consequences of Defendant's conduct were to harass, oppress or abuse Plaintiff in connection with the collection of the alleged debt.

16. At all times relevant to this action, while conducting business in California, Defendant has been subject to, and required to abide by, the laws of the United States, which included the TCPA and its related regulations that are set forth at 47 C.F.R. § 64.1200 ("TCPA Regulations"), as well as the opinions, regulations and orders issued by the courts and the FCC implementing, interpreting and enforcing the TCPA and the TCPA regulations.

17. At all times relevant to this action, Defendant owned, operated and or controlled an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1) that originated, routed and/or terminated telecommunications.

18. Within four years prior to the filing of this action, Defendant called Plaintiff at Plaintiff's cellular telephone number multiple times using an artificial prerecorded voice or using equipment which has the capacity to store or produce telephone numbers to be called, using random or sequential number generator and to dial such numbers, also known as an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1)(A) and (B).

19. Defendant never received Plaintiff's consent to call Plaintiff on Plaintiff's cellular telephone, to the extent it ever existed, using an "automatic telephone dialing system" or an "artificial or prerecorded voice" as defined in 47 U.S.C. § 227 (a)(1).

20. Even assuming arguendo that Defendant did have consent to call Plaintiff on Plaintiff's cellular telephone using an ATDS, that consent was subsequently revoked by Plaintiff.

21. At no time have Plaintiff and Defendant had an "established business relationship" as defined by 47 U.S.C. § 227(a)(2).

22. Defendant is not a tax exempt nonprofit organization.

23. Defendant's violation of the TCPA was willful. Defendant's violation of the TCPA was willful because Plaintiff requested that Defendant cease calling Plaintiff.

## FIRST CAUSE OF ACTION

### (Violation of the RFDCPA, CAL. CIV. CODE § 1788)

24. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. Defendant violated the RFDCPA. Defendant's violations include, but are not limited to, the following:

   (a) Defendant violated CAL. CIV. CODE § 1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called; and

   (b) Defendant violated CAL. CIV. CODE § 1788.11(e) by communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances; and

   (c) Defendant violated CAL. CIV. CODE § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

      (i) Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt; and

(ii) Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d(5) by causing Plaintiff's phone to ring or engaging Plaintiff in telephone conversations repeatedly; and

26. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

27. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorney's fees and costs.

## SECOND CAUSE OF ACTION

### (Violations of the TCPA, 47 U.S.C. § 227)

28. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

(a) Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

(b) Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

30. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred

1 dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

31. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

## VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

(a) An injunction prohibiting Defendant from contacting Plaintiff on Plaintiff's cellular telephone using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3)(A); and

(b) Actual damages pursuant to CAL. CIV. CODE § 1788.30(a); and

(c) As a result of Defendant's violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B); and

(d) As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C); and

(e) Statutory damages pursuant to CAL. CIV. CODE § 1788.30(b); and

(f) Costs and reasonable attorney's fees pursuant to CAL. CIV. CODE § 1788.30(c); and

(g) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

(h) For such other and further relief as the Court may deem just and proper.

///
///
///

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

Date: April 1, 2016

_____
Paul Mankin, Esq.
Attorney for Plaintiff

## SUPERIOR COURT OF CALIFORNIA

San Joaquin County
222 E. Weber Avenue
Stockton, CA 95201

### NOTICE OF CASE ASSIGNMENT AND SCHEDULING INFORMATION AND NOTICE OF HEARING

Case Number: **STK-CV-LNPI-2016-0004713**

A Case Management Conference has been scheduled for your case as indicated below. A copy of this information must be provided with the complaint or petition, and with any cross-complaint that names a new party to the underlaying action. Disregard hearing date if that date has expired.

| Hearing: Case Management Conference | Date: 11/15/2016 | Time: 8:45 AM | |
|---|---|---|---|
| **JUDGE** | **COURT LOCATION** | **DEPARTMENT/ROOM** | **PHONE** |
| Carter Holly | Stockton | 41 | (209)992-5693 |

[ x ] ADR & Scheduling Information is available on court website @ sjcourts.org/self-help

1. You must:

    a. **Serve** all named defendant's and file proofs of service on those defendants with the court Within 60 days of the filing of the complaint. (CRC 3.110)

    b. **File and serve** a completed Case Management Conference Statement (use of JC form CM-110 is mandatory) at least 15 days before the Case Management Conference.

    c. **Meet and Confer**, in person or by telephone, to consider each of the issues identified in CRC 3.727 no later than 30 calendar days before the date set for the Case Management Conference. (CRC 3.724)

    d. **Collection cases** are managed pursuant to CRC 3.740.

2. You may appear in person or by telephone at the Case Management Conference. To make arrangements for telephonic appearance you must call Court Call, at (310) 572-4670 or (888) 882-6878 at least five (5) court days prior to the hearing.

Visit our website @ www.sjcourts.org for more information regarding civil cases, local rules and forms.

Date: 05/16/2016                                                                 _____Donna Edwards_____ ,Deputy Clerk

**NOTICE OF CASE ASSIGNMENT AND SCHEDULING INFORMATION AND NOTICE OF HEARING**

# SUPERIOR COURT OF CALIFORNIA

San Joaquin County
222 E. Weber Avenue
Stockton, CA 95201

## NOTICE OF CASE ASSIGNMENT AND SCHEDULING INFORMATION AND NOTICE OF HEARING

Case Number: STK-CV-LNPI-2016-0004713

A Case Management Conference has been scheduled for your case as indicated below. A copy of this information must be provided with the complaint or petition, and with any cross-complaint that names a new party to the underlaying action. Disregard hearing date if that date has expired.

| Hearing: Case Management Conference | Date: 11/15/2016 | Time: 8:45 AM | |
|---|---|---|---|
| **JUDGE** | **COURT LOCATION** | **DEPARTMENT/ROOM** | **PHONE** |
| Carter Holly | Stockton | 41 | (209)992-5693 |

[ x ] ADR & Scheduling Information is available on court website @ sjcourts.org/self-help

1. You must:

   a. Serve all named defendant's and file proofs of service on those defendants with the court Within 60 days of the filing of the complaint. (CRC 3.110)

   b. File and serve a completed Case Management Conference Statement (use of JC form CM-110 is mandatory) at least 15 days before the Case Management Conference.

   c. Meet and Confer, in person or by telephone, to consider each of the issues identified in CRC 3.727 no later than 30 calendar days before the date set for the Case Management Conference. (CRC 3.724)

   d. Collection cases are managed pursuant to CRC 3.740.

2. You may appear in person or by telephone at the Case Management Conference. To make arrangements for telephonic appearance you must call Court Call, at (310) 572-4670 or (888) 882-6878 at least five (5) court days prior to the hearing.

Visit our website @ www.sjcourts.org for more information regarding civil cases, local rules and forms.

Date: 05/16/2016                                    Donna Edwards     ,Deputy Clerk